UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THOMAS POWERS, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3097 |
| JOSEPH HANKINS, et al., | ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.  A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

Liberally construed, Plaintiff alleges that the law library at Rushville Treatment and Detention Center is so inadequate that he has been prevented from pursuing several meritorious legal claims. Further, he alleges that he was denied access to review discovery in one of his cases (a computer disk containing over 3,000 pages), which caused him to miss court deadlines.  He also alleges that Defendants have retaliated against him for attempting to pursue those claims and/or for complaining about his inability to pursue the claims.

"The right of access . . . is not 'an abstract freestanding right to a law library or legal assistance.'"  In re Maxy, 674 F.3d 658, 661 (7th Cir. 2012).  To state an access claim, a plaintiff "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim."  Id.; *see also* Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003)("[A] right to

access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access and are not protected in and of themselves.")(*abrogated on other grounds as recognized in* Parrott v. U.S., 536 F.3d 629, 635 (7th Cir. 2008).  He must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions."  Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir.2009) (internal quotation and citation omitted).

    Plaintiff does not give much detail about his legal pursuits, which makes determining whether his legal claims were legitimate difficult.  "Without a tenable argument to pursue . . . , [a plaintiff] cannot show actual prejudice resulting from denial of access to the law library."  McCree v. Grissom, 657 F.3d 623, 624 (7th Cir. 2011)(no prejudice from lack of library access regarding pending case, where pending case failed to state a claim).

    However, Plaintiff does allege that he has been unable to file meaningful responses to motions because he cannot obtain copies of the cases cited in the motions, and that this inability prejudiced

his efforts to defend himself in his detention proceedings. At this point Plaintiff's access claim will remain for further development.

Plaintiff also states a claim for retaliating against him for his lawsuits. For example, Plaintiff alleges that staff wrote him disciplinary reports for trying to view the discovery documents sent to him in one of his cases and for asking for his legal materials.

Plaintiff's First Amendment access and retaliation claims will proceed for further development. However, no plausible inference arises that Defendants Simpson or White were personally responsible for these deprivations. As for Defendant Simpson, failing to properly investigate and respond to Plaintiff's grievances does not violate the Constitution. As for Defendant White, the fact that White is an information systems analyst does not suggest that White any authority to improve or increase Plaintiff's ability to conduct legal research.

**IT IS ORDERED:**

1.   Pursuant to its review of the Complaint, the Court finds that Plaintiff states a First Amendment claim for denial of access to the courts and a claim for retaliation for exercising his right to access the courts. This case proceeds solely on the claims

identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2.   Defendants Simpson and White are dismissed.

    3.   If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    4.   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO attempt service on Defendants pursuant to the standard procedures.**

ENTERED: 06/10/2013

FOR THE COURT:

                                    **s/Sue E. Myerscough**
                                    SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE